IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEREEM RANDOLPH,

    Plaintiff,

v.                                              Case No. 2:18-cv-00902

SOUTH CENTRAL REGIONAL JAIL,
C.O. HART, and NURSE PAM,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

    I.    *RELEVANT PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS*

On August 6, 2018, Plaintiff filed an Amended Complaint (ECF No. 12) naming the "South Central Regional Jail," "C.O Hart," and "Nurse Pam" as defendants. The Amended Complaint alleges that, on May 2, 2018, while incarcerated at the South Central Regional Jail ("SCRJ"), Plaintiff complained about back pain and potential heart problems, but a nurse (presumed to be "Nurse Pam") and Officer Hart refused to take him to the medical unit. (ECF No. 12 at 4). He further alleges that, despite other inmates pushing their call buttons to alert staff to Plaintiff's need for assistance, no one responded throughout the night. (*Id.*) Plaintiff further avers that he passed out in his cell and injured his face. He further claims that the following morning he was taken to an interview room, but was

ultimately returned to his cell. (*Id.* at 4-5). He seeks "to be compensated for [his] pain and suffering and would like something to be done about the tower not answering the box." (*Id.* at 5).

On October 29, 2018, the undersigned entered an Order granting Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directing the Clerk to issue summonses for "C.O. Hart" and "Nurse Pam" and directed that service of the same must occur within the 90-day period set forth in Rule 4(m) of the Federal Rules of Civil Procedure. The undersigned's Order further directed the United States Marshals Service ("USMS") to attempt service upon the defendants at the South Central Regional Jail, as Plaintiff had provided no other address or service information for such defendants. On December 13, 2018, the USMS returned the summonses as undeliverable indicating that the defendants were "no longer employed" at the SCRJ. (ECF Nos. 17, 18).

Since return of the summonses as unexecuted, Plaintiff has provided no additional information to permit proper service of process on these defendants and, in fact, he has not communicated with the court in any way concerning this matter. It appears that he was released from the SCRJ and failed to notify the court of updated contact information as previously ordered by the court. (ECF No. 9 at 4). Accordingly, as addressed below, dismissal of this civil action pursuant to Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure appears to be warranted.

## II. DISCUSSION

A. The Amended Complaint fails to state a plausible claim against the SCRJ.

Despite being previously advised that the SCRJ is not a suable entity, Plaintiff retained it as a defendant in his Amended Complaint. Pursuant to 28 U.S.C. § 1915(e)(2)(B), where, as here, a plaintiff who seeks to proceed *in forma pauperis* is suing

government officials, this court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). The court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). That section also provides for dismissal where the complaint seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). A similar screening is conducted of all complaints filed by prisoners against governmental entities or officials. *See* 28 U.S.C. § 1915A. Both sections apply in the instant case.

When reviewing a complaint under these statutes for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). The court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted); *see also Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)

3

(stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

The SCRJ is a facility operated by the West Virginia Division of Corrections and Rehabilitation (formerly the West Virginia Regional Jail and Correctional Facility Authority), which is a state agency that is not a "person" under section 1983 and is

4

immune from suit under the Eleventh Amendment. Section 1983 of Title 42 of the United States Code provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the

5

Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the SCRJ is not a person who can be sued under 42 U.S.C. § 1983 and is further immune from suit in federal court under the Eleventh Amendment. Therefore, the SCRJ should be dismissed as a defendant herein.

B. Dismissal of this civil action under Rules 4(m) and 41(b).

Because the plaintiff is proceeding *in forma pauperis*, court officers are responsible for issuance and service of all process. *See* 28 U.S.C. § 1915(d). In the instant case, Plaintiff did not provide the full names of the individual defendants ("Nurse Pam" and "C.O. Hart") or any addresses for service of process on them. Thus, the summonses issued for them were returned unexecuted when service thereof was attempted at the SCRJ, their last known place of employment.

Although court officers are responsible for serving process on the indigent plaintiff's behalf, the court is not responsible for properly identifying defendants or locating appropriate service information for the plaintiff. *Ray v. Pursell*, No. 2:14-cv-27457, 2017 WL 3707584, at *3 (S.D.W. Va. June 23, 2017), *report and recommendation adopted*, No. 2:14-cv-27457, 2017 WL 3699750 (S.D.W. Va. Aug. 25, 2017). Plaintiff failed to provide appropriate service information to permit proper service upon the defendants within the 90-day period provided under Rule 4(m) of the Federal Rules of Civil Procedure and, thus, proper service was not accomplished within that time period.

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a

federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). In determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The Plaintiff's lack of proper identification of and the failure to properly serve process on the individual defendants has delayed this matter and prohibited the court from moving this case forward. It further appears that Plaintiff was released from the SCRJ and failed to notify the court of any updated contact information. He was previously advised that the failure to do so would result in the recommended dismissal of this matter for failure to prosecute under Rule 41(b). (ECF No. 9 at 4). Therefore, the undersigned proposes that the presiding District Judge dismiss this matter, without prejudice, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

### III. RECOMMENDATION

For the reasons stated herein, it is respectfully RECOMMENDED that the presiding District Judge **DISMISS** this civil action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A and Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

7

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

September 10, 2021

Dwane L. Tinsley
United States Magistrate Judge